IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WAYNE RILEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | No. CIV-16-564-F |
| v. | ) | |
| | ) | |
| CARL BEAR, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner seeks to challenge his conviction for Trafficking in Illegal Drugs entered in the District Court of Oklahoma County, Case No. CF-2005-1614. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), and the Petition has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. For the following reasons, it is recommended that the Petition be dismissed upon filing for lack of jurisdiction.

Petitioner filed two previous habeas actions in this Court challenging his conviction and sentence in Case No. CF-2005-1614. In <u>Anthony Wayne Riley v. Mike Addison, Warden</u>, Case No. CIV-13-397-F, Petitioner asserted that he was denied effective assistance of counsel in connection with his plea and sentencing proceedings in the state court. The

1

action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) for initial proceedings, and in a Supplemental Report and Recommendation entered July 29, 2013, the undersigned recommended that the action be dismissed as untimely filed. The recommendation was adopted by United States District Judge Friot, and the action was dismissed as untimely. Petitioner did not appeal this decision.

In a second 28 U.S.C. § 2254 action filed in this Court on September 8, 2014, <u>Anthony Wayne Riley v. Michael K. Addison, Warden</u>, Case No. CIV-14-962-F, Petitioner again sought to challenge his conviction and sentence in Case No. CF-2005-1614. That action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) for initial proceedings. In a Report and Recommendation entered September 30, 2014, the undersigned recommended that the action be dismissed for lack of jurisdiction as an unauthorized successive and untimely-filed Petition. In an Order entered October 27, 2014, United States District Judge Friot adopted the Report and Recommendation and dismissed the action for lack of jurisdiction as an unauthorized successive petition that was untimely. Petitioner again failed to appeal the decision.

On December 5, 2014, the Tenth Circuit Court of Appeals entered an order denying Petitioner's motion for authorization to file a second or successive 28 U.S.C. § 2254 application challenging his trafficking conviction. <u>In re: Anthony Wayne Riley</u>, No. 14-6225 (10th Cir. 2014)(unpublished order). The Court considered Petitioner's potential habeas claims and found that his claims did not satisfy 28 U.S.C. § 2244(b)(2)(B).

In the present 28 U.S.C. § 2254 action, Petition again seeks to challenge his

trafficking conviction and sentence in Case No. CF-2005-1614. As grounds for habeas relief, Petitioner again asserts, as he did in his previous habeas actions, that he received ineffective assistance of counsel in connection with his plea proceedings. Petitioner also contends that his sentence was excessive and that the state district court abused its discretion in denying Petitioner's application seeking leave to file an appeal out of time.

Clearly, in light of Petitioner's previous habeas filings, this habeas action is an unauthorized successive habeas petition over which this Court lacks jurisdiction. "The filing of a second or successive § 2254 application is tightly constrained by the provisions of the [Antiterrorism and Effective Death Penalty Act]." Case v. Hatch, 731 F.3d 1015, 1026 (10th Cir. 2013). "Before a second or successive [§ 2254] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). If the petitioner does not follow this directive, the district court lacks jurisdiction to consider the unauthorized successive petition. See In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008)(*per curiam*).

Petitioner has not alleged or demonstrated that he obtained authorization to proceed with this successive petition. Under these circumstances, this Court must determine whether to transfer the unauthorized successive habeas action to the Tenth Circuit Court of Appeals in the interest of justice. 28 U.S.C. § 1631. Because, as found in the previous habeas actions filed by Petitioner, the instant Petition is clearly time-barred, it would not further the interest of justice to transfer the action to the appellate court. As previously found, Petitioner's conviction in Case No. CF-2005-1614 became "final" pursuant to 28 U.S.C. § 2244(d)(1)(A)

3

on July 10, 2010, when the time expired for him to appeal by moving in the state district court to withdraw his plea.[1] The statutory limitations period prescribed in 28 U.S.C. §2244(d)(1) began the following day on July 11, 2010, and expired one year later on July 11, 2011. None of Petitioner's unsuccessful post-conviction applications filed in the state courts tolled the running of the one-year limitations period under 28 U.S.C. § 2244(d)(2) because the applications were filed after the limitations period expired.[2]

In response to the form Petition's query concerning the timeliness of the Petition, Petitioner merely describes his recent filings in the state courts. He has not alleged extraordinary circumstances that would warrant the equitable tolling of the limitations period or shown that he has diligently pursued his federal claims. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."). Therefore, Petitioner is not entitled to equitable tolling of the long-expired limitations period, and his Petition is untimely. Because the interest of justice would not be furthered by a transfer of this action to the appellate court for consideration of Petitioner's implied request for authorization to file a successive habeas

---

[1] Petitioner alleges in his Petition that he filed a motion to withdraw his guilty plea in the state district court but thereafter withdrew the motion.

[2] Petitioner alleges in the Petition that he filed a post-conviction application in the state district court seeking leave to appeal out of time that was denied in January 2013, that he filed another post-conviction application in the state district court that was denied in May 2014 (and the district court's decision was affirmed in July 2014), and that he filed another post-conviction application in the state district court in February 2015 that was denied.

action, the action should be dismissed for lack of jurisdiction.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED for lack of jurisdiction as an unauthorized successive Petition that is untimely. Petitioner is advised of his right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by ___July 18th___, 2016, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___27th___ day of ___June___, 2016.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE