# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

WAYNE RILEY,                          )
                                      )
      Petitioner,          )
                                      )
-vs-                                  )          Case No. CIV-16-0564-F
                                      )
CARL BEAR, Warden,                    )
                                      )
      Respondent.          )

## ORDER

Petitioner Wayne Riley, a state prisoner appearing *pro se* whose pleadings are liberally construed, seeks habeas relief under 28 U.S.C. § 2254.

On June 27, 2016, Magistrate Judge Gary M. Purcell entered a Supplemental Report and Recommendation (the Report). Doc. no. 9. The Report recommends the petition be dismissed upon filing for lack of jurisdiction, as the magistrate judge concluded that the petition is an unauthorized successive habeas petition over which this court lacks jurisdiction. The Report further found that because the petition is clearly time-barred, the petition should be dismissed rather than transferred to the Tenth Circuit Court of Appeals for consideration as a successive petition.

Petitioner objects to the Report. Doc. no. 10. Petitioner objects to dismissal, arguing the petition should be transferred to the Tenth Circuit Court of Appeals rather than dismissed. Petitioner also makes other arguments, objecting, for example, to the

Report's finding that his petition is time-barred and stating other objections going to the merits of his petition.

As required by 28 U.S.C. §636(b)(1), the court has reviewed all objected to matters *de novo*. Having concluded that review, the court finds that it agrees with the Report and that no purpose would be served by stating any further analysis here.

Accordingly, plaintiff's objections to the Report are **DENIED**. The Report and Recommendation of the Magistrate Judge is **ACCEPTED**, **ADOPTED** and **AFFIRMED**. In accordance with the Report, the petition for a writ of habeas corpus is **DISMISSED** for lack of jurisdiction, as an unauthorized successive petition that is untimely.

Movant is entitled to a certificate of appealability only upon making a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is satisfied by demonstrating that the issues movant seeks to raise are deserving of further proceedings, debatable among jurists of reasons, or subject to different resolution on appeal. *See*, Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("[W]e give the language found in §2253(c) the meaning ascribed it in [Barefoot v. Estelle, 463 U.S. 880, 893 (1983)], with due note for the substitution of the word 'constitutional.'"). "Where a district court has rejected the constitutional claims on the merits,...[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. When a prisoner's habeas petition is dismissed on procedural grounds without reaching the merits of the prisoner's claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

Petitioner has not made the requisite showing, and a certificate of appealability is **DENIED**.

Dated this 19th day of July, 2016.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

16-0564p002.wpd